**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12527

Non-Argument Calendar

_____

CURTIS NAIRN,

*Petitioner-Appellant,*

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

*Respondents-Appellees.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:16-cv-60874-JAL

_____

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Curtis Nairn, a *pro se* Florida prisoner serving a sentence for second-degree murder, appeals the district court's denial of his motion under Federal Rule of Civil Procedure 60(b) to reopen his 28 U.S.C. § 2254 habeas corpus proceedings, construed as an impermissible second or successive § 2254 petition. On appeal, Mr. Nairn argues that his Rule 60(b) motion was not a second or successive § 2254 petition because the state's suppression of exculpatory evidence constituted a procedural defect that undermined the integrity of the federal habeas proceedings, namely, that the district court had denied his § 2254 petition based on a materially incomplete understanding of the record.

We review de novo questions as to the jurisdiction of the district court, including whether a Rule 60(b) motion is a second or successive habeas petition. *See Zakrzewski v. McDonough*, 490 F.3d 1264, 1267 (11th Cir. 2007). We hold *pro se* pleadings to a less stringent standard than counseled pleadings and construe *pro se* pleadings liberally, but that standard does not allow us to serve as de facto counsel for a *pro se* party or to rewrite an otherwise deficient pleading to sustain an action. *See Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that, "[b]efore a second or successive [§ 2254 petition] . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]." 28 U.S.C. § 2244(b)(3)(A). Without our authorization, the district court lacks jurisdiction to

25-12527            Opinion of the Court                3

decide a second or successive § 2254 petition. *See Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014).  The Supreme Court has held that "second or successive" in § 2244(b) refers to a second or successive petition challenging the same state-court judgment. *See Magwood v. Patterson*, 561 U.S. 320, 331–33 (2010).

> Rule 60(b) provides as follows:
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under [Federal Rule of Civil Procedure] 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).

The Supreme Court has held that a Rule 60(b) motion that seeks to reconsider a § 2254 petition "is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction." *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005). A Rule 60(b) motion should be treated as a second or successive petition if it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim *on the merits*." *Id*. at 532 (emphasis in original). The Court in *Gonzalez* held that the term "on the merits" means "a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id*. at 532 n.4. "When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim," but "is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id*.

"[W]hen a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," it should not be treated as a second or successive petition. *See id*. at 532. One example is "[f]raud on the federal habeas court," but "an attack based on the movant's own conduct, or his habeas counsel's omissions, . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Id*. at 532 n.5.

25-12527                Opinion of the Court                5

The district court dismissed Mr. Nairn's § 2254 petition in 2017 as time-barred, and alternatively on the merits for failing to sufficiently allege ineffective assistance of counsel or denial of due process. *See* D.E. 31, 32. The court did not issue a certificate of appealability, and we denied Mr. Nairn's request for one in 2018.

As relevant here, in 2025, Mr. Nairn filed a motion under Rule 60(b)(2), (b)(3), & (b)(6) for relief from judgment. He said his motion was based on evidence uncovered that year—a 2006 investigative article from the *South Florida Sun Sentinel* stating that around 1:30 a.m. on the morning of the murder, a man had called 911 after hearing a woman scream. *See* D.E. 75 at 3. He maintained that this contradicted the state's evidence that a woman, Iris Heath, had been the one who called 911, and undermined the state's timeline. He also asserted that the state never disclosed the contents of two 911 calls despite defense requests for them. *See id.* at 3–4. And he maintained that the state's suppression of the 911 call reported in the article deprived him of an opportunity to establish his actual innocence under *Schlup v. Delo*, 513 U.S. 298 (1995). *See* D.E. 75 at 4.

The district court did not err in determining that Mr. Nairn's Rule 60(b) motion was an unauthorized second or successive § 2254 petition over which it lacked jurisdiction. *See* D.E. 76. The motion sought to raise a new claim of actual innocence based on newly discovered evidence, which is a merits-based claim over which the court did not have jurisdiction without our prior authorization. *See Gonzalez*, 545 U.S. at 531–32.

6                          Opinion of the Court                    25-12527

**AFFIRMED.**